UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-10029-CR-Martinez/Garber

UNITED STATES OF AMERICA,

v.

JOSE VALDES DIAZ,
    Defendant.
_____/

## REPORT AND RECOMMENDATION

THIS CAUSE is before the Court by Order of Reference from United States District Judge Jose M. Martinez for a Report and Recommendation "as to the appropriateness of Defense Counsel's CJA Voucher."

## FACTUAL BACKGROUND AND DISCUSSION

The defendant Diaz was indicted on April 24, 2013, and was charged in Count 1 with conspiring to encourage and induce aliens to enter the United States. He was also charged in Counts 62-82 with encouraging and inducing aliens to enter the United States, and in Counts 83-103 with alien smuggling for private financial gain. [DE 3].

Attorney Humberto R. Dominguez was appointed on October 18, 2013 to represent the defendant Diaz, such appointment made pursuant to the Criminal Justice Act, and he participated in the case from the date of his appointment until July 18, 2014. Following a trial of six days, the defendant was convicted in Counts 1, 62 through 84, and 86 to 102. He was sentenced on July 18, 2014 to a total term of sixty months imprisonment. [DE 413]. Mr. Dominguez now seeks attorney's fees, cost, and expenses to which he is entitled for his service in this cause. [DE 70].

The Court has carefully reviewed and considered Mr. Dominguez's submission. It is clear that this cause is considered "extended" because of the substantial amount of discovery, time required in its examination, and consultations with the defendant and family members and experts, as compared to the average case. 18 U.S.C. §3006A(d)(3). The Court also finds that the case is complex because of the numerous defendants and the substantial number of counts, especially those charging the defendant Diaz. The case required each defense attorney to become familiar with all of the activity of all defendants leading up to the Indictment, which required a substantial expenditure of time. The fact that the case was tried in Key West required defense counsel to expend time and incur costs and expenses in travel on two occasions, as well as appearances in Fort Lauderdale.

In the face of compelling evidence as to his guilt, the defendant maintained his claim of innocence. Despite efforts of Mr. Dominguez to obtain a plea agreement, the defendant rejected such idea and exercised his right to a trial. Mr. Dominguez spent an enormous amount of time in preparation for the trial, as is evidenced by the entries contained in his application for fees and costs.

Mr. Dominguez handled this case in a very professional and competent manner and expended a significant amount of time in its preparation. However, in its examination of time expended on certain items, the Court finds what it feels are excessive entries. For example, Mr. Dominguez's application reflects a claim that a total of 110.4 hours were spent in "Obtaining and reviewing records." Based on an eight- hour day, these hours are the equivalent of approximately fourteen full days. This time, in the Court's judgment, is excessive and the obtaining and reviewing of records could have and should have been accomplished in far less time.

Mr. Dominguez seeks payment for his services regarding "potential issues for Rule 33 Motion." His claim for a total of 15.3 hours is excessive and should have been accomplished in less than 5 hours.

The Court also notes that Mr. Dominguez conferred with the defendant's wife on fourteen different occasions, which appears to be excessive.

In considering the application now before the Court, the documentation supporting the application "is voluminous and the Court shall rely upon the ruling in *Loranger v. Stierheim*, 10 F.3d 776 (11th Cir. 1994), which states *inter alia* that "where a fee documentation is voluminous, such as in the instant case, an hour-by-hour review is simply impractical and a waste of judicial resources." Other circuits have almost uniformly held that where a fee application is voluminous, an hour-by-hour analysis of a fee request is not required. *Jacobs v. Mancuso,* 825 F.2d. 559 (1st Cir.1987); *Mares v. Credit Bureau of Raton,* 801 F.2d. 1197, 1202-03 (10th Cir. 1986); *Copeland v. Marshall*, 641 F.2d 880, 903 (D.C.Cir. 1980).

"In fact, given a voluminous application, most circuits recognize the utility of across the board percentage cuts either in the number of hours claimed or in the final lodestar figure." *Loranger, supra.* The Eleventh Circuit, in *Bivins v. Wrap It Up, Inc.*, 380 Fed.Appx. 888 (2010), holds that "if the district court finds that the number of hours claimed is unreasonably high, the court may either conduct an hour-by-hour analysis or it may reduce the hours using an across the board cut." The above examples are a small portion of the time entries in the application, which is quite voluminous. The Court finds that the number of hours claimed is unreasonably high and finds an across the board percentage cut to be appropriate and shall recommend a percentage cut.

## CONCLUSION AND RECOMMENDATION

The Application for Fees and Costs must be modified to reflect an accurate portrayal of the reasonable and necessary time expended on tasks referenced therein. However, the costs and expenses sought are reasonable and necessary.

     The Court, because of the voluminous nature of the entries in the Application, will rely upon the pronouncements in *Loranger v. Stierheim, 10 F3d. 776 (*11th Cir.1994*)* and other cases cited above, to utilize across the board percentage cuts rather than an hour-by-hour analysis.  Accordingly, and upon due deliberation, the undersigned hereby finds that due to the fact that this cause is complex and extended, the statutory cap of $9,800.00 may be exceeded.  Accordingly, the undersigned

     RECOMMENDS that counsel's request for fees in the amount of $23,867.20 be reduced by 15% to the sum of $20,287.12.  In addition thereto, the undersigned recommends that an additional $839.60, as claimed by Mr. Dominguez, be awarded for reasonable and necessary costs, for a total award of $21,126.72.

     The parties have fourteen (14) days from the date of this Report and Recommendation within which to file written objections, if any, with United States District Judge Jose M. Martinez.  See 28 U.S.C. §636 (1991).  Failure to file timely objections may bar the parties from attacking on appeal the factual findings contained herein.  LoConte v. Dugger, 847 F.2d 745, 750 (11th Cir. 1988), cert. denied, 488 U.S. 958 (1988).

     RESPECTFULLY SUBMITTED at the United States Courthouse, Miami, Florida this 3rd day of September 2014.

                                                                  */s/ Barry L. Garber*
                                                                  BARRY L. GARBER
                                                                  UNITED STATES MAGISTRATE JUDGE